F. W. SIMS & COMPANY, plaintiffs in error, vs. JOHN T. & JAMES HOWELL, defendants in error.

The vendor of a fertilizer is presumed to warrant that the article sold is reasonably fit for the purpose intended. Nor is such fitness conclusively established by proof that the manufacturers, whose brand is on the particular article sold, do make an article containing fertilizing ingredients. Whether the thing sold be reasonably fit for the purpose, is a question of fact, to be determined, as other facts, by competent evidence, the composition of the article being one fact bearing upon the question, but not the only one. If, when *properly used*, it ordinarily fails to produce a good effect, it cannot be considered as reasonably fit, even though it may be shown that fertilizing ingredients are used by the manufacturers.

Factors' lien. Sale. Warranty. Before Judge CLARK. Sumter Superior Court. April Adjourned Term, 1873.

F. W. Sims & Company foreclosed a factor's lien against John T. & James Howell for $120 00, given for guano furnished them with which to make a crop for the year 1871. The defendants filed an affidavit of illegality to the lien *fi. fa.*, setting up that the guano purchased was utterly worthless.

The plaintiffs showed the sale of the guano, and proved by W. T. Seward, a manufacturing chemist, and by A. Means, the State Inspector of Fertilizers, that the Eureka guano, bearing the same brand as that sold to the defendants, contained valuable fertilizing ingredients. Their evidence was very strong, giving analyses of the elements composing the Eureka guano. Nine other witnesses were introduced, who stated that they had purchased such guano and had used it to great advantage.

The defendant, John T. Howell, and ten witnesses testified as to the worthlessness of the fertilizer. Also, that they had been sued for the amounts purchased by them, and were defending; that the spring was very wet and the summer exceedingly dry.

The jury returned a verdict for the defendants. The plaintiffs moved for a new trial, because the verdict was contrary to the law and the evidence. The motion was overruled, and the plaintiffs excepted.

HAWKINS, GUERRY & HOLLIS, for plaintiffs in error.

W. A. HAWKINS, for defendants.

McCAY, Judge.

The only question in this case is, whether the evidence of the chemist and of Dr. Means makes out such a case in favor of the fitness of this guano for the purposes intended, as to make the proof that it, in fact, did no good, immaterial. We may remark that the evidence of these two gentlemen does not make out with certainty that the precise article got by the defendant and his witnesses, is the very article they testify about. Sometimes, doubtless, a good article gets to be a bad

one, by adulteration or exposure, before it comes into the hands of the consumer; but we do not agree that the evidence of a chemist, or of anybody else, that a certain article, from the nature of its composition, is a good fertilizer, is proof conclusive of the fact. Theories do not always accord with experience. If an article professing to be a manure ordinarily fails as such when properly used, it is not a good manure, although the man of science may be very sure it is. It may be improperly mixed, etc. We recognize as true that a manure is not a bad one because it fails in a particular case, though even that is suspicious—it may be adulterated, but if it fails in the hands of many, properly using it in good seasons, it is asking a great deal to defendant for the opinion of a chemist, conclusiveness against the result of experience. The science of agriculture, and the law of the growth of plants, that mysterious process by which nature turns dead matter into living matter, is not so well understood even by scientific men as to make their opinions conclusive on such subjects.

Judgment affirmed.